UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE MORRIS,

        Plaintiff,

    v.

SIERRA COUNTY CLERK'S OFFICE, et.al.,

        Defendants.

No.  2:25-cv-3335-CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.      In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis. ECF No. 6. Plaintiff's declaration in support of the motion makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1

plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.    Allegations in the Complaint**

Plaintiff alleges that the Sierra County Clerk's Office erroneously reported to a Megan's

2

Law website that he had been convicted of forcible kidnapping and rape. ECF No. 1 at 3. Plaintiff names as defendants the Sierra County Clerk's Office, "Megan's Law Website," and the Sierra County Probation Office. Id. at 2. Plaintiff alleges a loss of family contact as a result of the erroneous reporting and demands compensatory damages. Id. at 6.

### IV.    Legal Standards

#### A.    Linkage

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

#### B.    Slander and Defamation

A "defamation plus" claim under § 1983 requires "an allegation of injury to a plaintiff's reputation accompanied by an allegation of injury to a recognizable property or liberty interest" or under state tort law. Crowe v. County of San Diego, 608 F.3d at 442-44 (9th Cir. 2010); Cal. Civ. Code §§ 44 (defamation), 45 (libel), 46 (slander).

To allege a violation of California law, plaintiff must plead compliance with the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

#### C.    Municipal Policy or Custom

In order to state a claim against a local governmental entity or municipality, a plaintiff must allege that a specific "policy or custom" of the agency was the "moving force" for the challenged constitutional violation in deliberate indifference to plaintiff's rights. Monell v. Dept.

3

of Social Services, 436 U.S. 658, 694 (1978).  Furthermore, a local governmental entity may not be liable based on a theory of respondeat superior liability due to the individual actions of its subordinate employees.  Monell, 436 U.S. at 694.

### V.    Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  The court cannot determine, even at the screening stage, whether plaintiff is asserting federal and/or state claims, whether he complied with the California Tort Claims Act, and who plaintiff believes is responsible for the erroneous reporting.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

### VI.    Amended Complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

4

**VII.   CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 8, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd.morris.3335screen.

5